IN THE MATTER OF THE PETITION OF ELIHU J. GRANGER, DEFENDANT AND APPELLANT, *v.* EDWIN A. SHEBLE, PLAINTIFF AND RESPONDENT.

*Removal of cause from the Marine Court to the Supreme Court, in order to change the venue — Code of Civil Procedure, sec. 319.*

Where an application is made, as provided in section 319 of the Code of Civil Procedure, to remove an action from the Marine Court to the Supreme Court, for the purpose of changing the place of trial thereof, no demand for a change of the place of trial need be made prior to giving notice of the application.

APPEAL from an order made at a Special Term, denying a motion to remove the action from the Marine Court of the city of

New York to the Supreme Court, for the purpose of changing the place of trial.

*O. P. Backus*, for the appellant.

*W. H. H. Russell*, for the respondent.

PER CURIAM:

The application to change the place of trial was predicated of section 319, of the Code, which declares what sections shall be applicable to the proceedings contemplated. It appears that this action was commenced on the 18th of March, 1884; issue was joined on the twenty-fourth of April following, and a motion to change the place of trial to the Second District noticed for the twenty-sixth of April and argued on the fifth of May.

The learned justice in the court below denied the motion on the ground that it was made too late. We think this was a misapprehension of the provisions of the Code relative to such applications. The section already mentioned declares that the application may be made by an order at any time after the joinder of an issue of fact and before the trial thereof, and does not require in express terms or by implication that any demand should be made for a change of place of trial prior to the notice of application. Whether the order sought should be granted or not is purely a matter of discretion. (*Cornell* v. *Evans*, 7 Hun, 299.)

It seems that the learned justice in the court below did not examine the case upon its merits and therefore the element of discretion was not called into requisition. For these reasons we think that the order should be reversed with leave to renew the motion on its merits. It is proper to suggest that in this and all similar applications something more is required to be shown than the mere fact that the defendant is not a resident of the county where the action is brought.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, with ten dollars costs and disbursements, with leave to renew the motion on its merits.